# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0295
Lower Tribunal No. B23-22619
_____

**State of Florida,**
Appellant,

vs.

**Joel Adolph Scott, III,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Maria E. Lauredo, Chief Assistant Public Defender, for appellee.

Before SCALES, C.J., and MILLER and BOKOR, JJ.

SCALES, C.J.

In this shoplifting case, the State appeals the trial court's February 4, 2025 nonfinal order suppressing appellee, defendant below, Joel Scott's statements to the police and a JCPenney department store form in which Scott acknowledged trying to steal approximately $230 in children's clothing. After conducting an evidentiary hearing on Scott's suppression motion, the trial court, finding a Miranda[1] violation, excluded the evidence.[2]

It is undisputed that Scott, who was confined in the store's locked "holding cell," was not given any Miranda warnings prior to his questioning by the police and his signing of the form in their presence. In this appeal, as below, the State argues that Miranda warnings were not required because (i) Scott purportedly was neither in police custody nor interrogated by the police when he was in the store's locked holding cell, and (ii) the store's loss prevention employee, rather than the police, prepared the form and directed Scott to sign it. We disagree with the State on both points and affirm.

A mixed standard of review applies when we review a suppression order. See State v. Myers, 394 So. 3d 727, 728 (Fla. 3d DCA 2024). We generally defer to the lower court's factual findings if they are supported by

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).

[2] We have jurisdiction. See Fla. R. App. P. 9.140(c)(1)(B); State v. Poke, 422 So. 3d 1236, 1237 (Fla. 3d DCA 2025).

2

competent substantial evidence and review *de novo* the trial court's legal conclusions. Id. (observing that the trial court's factual findings based on viewing video evidence are entitled to less deference).

The police officer testified that he and a fellow officer, both on-duty and in uniform, were present when Scott was questioned in the store's locked holding cell. The officer testified that, until Scott signed a promise to appear form, Scott was not free to leave. On our careful review of the live testimony and the video evidence introduced at the suppression hearing, we agree with the trial court's findings that, when Scott was confined in the store's locked holding cell, Scott was in police custody[3] and interrogated by the police.[4] Thus, the trial court properly suppressed Scott's statements to the police.

---

[3] See Ramirez v. State, 739 So. 2d 568, 574 (Fla. 1999) (setting forth the following factors that "provide[] guidance in making the determination whether a reasonable person in the suspect's position would consider himself in custody: (1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; (4) whether the suspect is informed that he or she is free to leave the place of questioning.").

[4] See State v. McAdams, 193 So. 3d 824, 833 (Fla. 2016) ("Interrogation occurs when a state agent asks questions or engages in actions that a reasonable person would conclude are intended to lead to an incriminating response.").

Further, we agree with the trial court that the police – who, as plainly reflected in the video evidence, actively assisted in the interrogation by asking questions, assisted in the loss prevention employee's preparation of the acknowledgment form and oversaw Scott's signing the form – were more than mere observers, such that <u>Miranda</u> warnings were required here. <u>Cf. State v. J.T.D.</u>, 851 So. 2d 793, 796 (Fla. 2d DCA 2003) (finding <u>Miranda</u> warning not required where the officer was "merely present during the [school official's] interview, in and out of the room, and asked no questions"). The trial court, therefore, properly suppressed the department store's acknowledgement form.

Affirmed.